[844 NYS2d 712]

In the Matter of GAY LYNN TONELLI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 7, 2007

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michele Martino* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In an order of the Virginia State Bar Disciplinary Board (hereinafter the Board) dated November 24, 2003, the respondent's resignation was accepted, her license to practice law in the Commonwealth of Virginia was revoked, and her name was stricken from the roll of attorneys in that state. On November 21, 2003, the respondent had presented the Board with an affidavit declaring consent to revocation of her license to practice law in Virginia. By tendering her resignation at a time when disciplinary charges were pending, the respondent admitted that the charges in a certification before the Ninth District Committee of the Virginia State Bar dated June 30, 2003, were true.

As set forth in the certification, the respondent was retained by Charles Davis on November 15, 1999, and was paid advance legal fees in the sum of $1,000 to defend several potential mechanics' lien actions and to institute suit against a general contractor for unfinished work on his residence. Pursuant to the agreement between Davis and the respondent, the respondent was to "send itemized bills from time to time." The respondent deposited the advanced fees into her operating account, but failed to record receipt of those fees in a cash receipts journal. Nor did the respondent record her disbursement of those funds as earned fees in a cash disbursements journal.

In his letter of termination to the respondent dated March 28, 2001, Mr. Davis requested that the respondent provide an itemized bill. The respondent failed to provide any bill.

By order dated June 12, 2007, the Grievance Committee's application pursuant to Judiciary Law § 90 (6) was granted, and the Grievance Committee was authorized to substitute service of the notice pursuant to 22 NYCRR 691.3 (hereinafter the notice) by mailing those documents to the respondent at her current residence in Leesburg, Virginia, via regular and certified mail, and affixing a copy of those documents to the door of her residence. An affidavit of service submitted by a private process server from Washington, D.C., confirms that a copy of the notice was affixed to the door of the respondent's residence on June 22, 2007. In addition, the Grievance Committee mailed copies of the notice by regular and certified mail on June 19, 2007.

Although duly served with the Grievance Committee's notice, the respondent has not asserted any of the enumerated defenses or requested a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

Based on the respondent's proffered resignation in the face of disciplinary charges in Virginia and her consent to the revocation of her license to practice law in Virginia, the respondent is disbarred in New York on the basis of the discipline imposed upon her in the Commonwealth of Virginia.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Gay Lynn Tonelli, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Gay Lynn Tonelli, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Gay Lynn Tonelli, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Gay Lynn Tonelli, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).